# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: T.M.**

**No. 13-1227** (Mercer County 12-JA-184 through 12-JA-187)

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel Natalie N. Hager, appeals the Circuit Court of Mercer County's December 2, 2013, order terminating her parental rights to T.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, Michael P. Cooke, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without granting her a dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, the DHHR filed its initial abuse and neglect petition alleging that the parents allowed their child, T.M., to ingest prescription medication. The child presented at the emergency room with bruising to his forehead, and the parents indicated that he ingested Klonopin. The bruising was a result of the child falling because of the Klonopin's effects. At the hospital, the child tested positive for benzodiazepines. A Child Protective Services ("CPS") worker noticed "track marks" on petitioner's arm and, upon submitting to a drug screen, she tested positive for opiates. Petitioner then admitted to having intravenously injected a pill on October 20, 2012. Additionally, a nurse advised CPS that petitioner also presented to the emergency room on October 17, 2012, due to withdrawal.

The circuit court held a preliminary hearing in November of 2012, during which petitioner waived her right to the same. Later that month, the circuit court held an adjudicatory hearing during which it found that petitioner neglected the child because of her existing substance abuse problem and by leaving him with the biological father, who was also abusing drugs. Petitioner was granted a post-adjudicatory improvement period. In May of 2013, petitioner was granted an extension to her post-adjudicatory improvement period. However, in August of 2013, the DHHR reported that petitioner was not complying with the terms of her improvement period. During a review hearing, petitioner moved for a dispositional improvement period and the circuit court set the matter for disposition. On October 25, 2013, the circuit court held a dispositional hearing and found that petitioner failed to follow the terms and conditions of

1

the family case plan. The circuit court ultimately terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in either the circuit court's denial of an improvement period or termination of petitioner's parental rights. West Virginia Code § 49-6-12(c) grants circuit courts discretion in awarding dispositional improvement periods and, as a prerequisite, requires a parent to demonstrate by clear and convincing evidence that he or she "is likely to fully participate in the improvement period." Based upon the record, it is clear petitioner could not satisfy this requirement.

At disposition, the circuit court found that petitioner failed to follow the terms and conditions of the family case plan. Specifically, the circuit court found that petitioner did not adequately and fully participate in visitation with her child or parenting classes, which were terms of her post-adjudicatory improvement period. The circuit court also found that petitioner failed to acknowledge her need for substance abuse treatment, actively avoided the substance abuse screening process, and tested positive for drugs during the proceedings. In fact, the circuit court found that petitioner appeared to be under the influence during the dispositional hearing. As such, the circuit court found that petitioner made no progress with addressing her addiction.

Based upon this evidence, the circuit court found that petitioner failed to respond to or follow through with the reasonable family case plan or other rehabilitative efforts designed to reduce or prevent the child's neglect and that she habitually abused or was addicted to controlled substances to the extent that her proper parenting skills were seriously impaired. Pursuant to West Virginia Code §§ 49-6-5(b)(1) and (3), these constitute situations in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future. Additionally, the circuit court found that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

2

While petitioner argues that she should have been entitled to a dispositional improvement period because she needed additional time to seek treatment, especially in light of the stress caused by her mother's illness and eventual death during her earlier improvement period, the Court finds this argument unpersuasive. We have previously held that

> "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syllabus point 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For the foregoing reasons, the Court finds no error in the circuit court's decision to terminate petitioner's parental rights without first granting her a dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 2, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II